**In the Interest of Phillip BROWN, a Child.**

**No. 54239.**

Supreme Court of Iowa.

Feb. 9, 1971.

Mote, Wilson & Welp, Marshalltown, for appellant.

Carl Letz, County Atty., Eldora, for appellee.

LARSON, Justice.

Pursuant to a petition for transfer filed by the county attorney under chapter 232 of the 1966 Code as amended by chapter 203, section 23, Acts of the Sixty-second General Assembly, the Juvenile Court of Hardin County, Iowa, granted same, and the subject, Phillip Brown, after leave of this court was first obtained, appeals. We reverse and remand to the juvenile court for further proceedings.

The sole question presented by this appeal is whether the juvenile court complied with the requirements of the above-mentioned section of our Code.

On April 17, 1970, a petition to transfer a complaint alleging delinquency of Brown filed April 6, 1970, from juvenile court to the district court was filed by the county attorney, and on April 20 a proceeding was commenced before the Honorable Ed J. Kelley, then sitting as juvenile court judge in that county.

After the county attorney made his opening statement to the court, he inquired if the defense attorney wished to respond or if they should proceed with the evidence. Brown's counsel, Mr. Brennecke, then made his statement, but before any evidence was introduced by either side the court made the following ruling from the bench: "I don't need to hear any evidence on this Petition for Transfer. I have read the record of this boy. I have checked his age and all of the numerous motions that have been made in this case. It is my decision that the case be transferred to the District Court for trial."

It further appears that Mr. Brennecke then called the court's attention to section 232.72 of the 1966 Code Annotated and pointed out that this section requires a "hearing" and a specific finding by the court that the transfer will be in the best interest of the child or the public before it is ordered.

Regardless of counsel's argument that under the plain wording of the statute Phillip Brown was entitled to a hearing in open court wherein he could be confronted by witnesses or evidence offered in support of the motion or petition for transfer, and wherein he could offer evidence in resistance to that petition, the court summarily stated: "Motion to transfer has already been sustained. That is all." On the following day the formal order of transfer was filed herein.

As errors relied upon for reversal appellant states: (1) The juvenile court failed to grant Phillip Brown a hearing as required by section 232.72 of the Iowa Code Annotated. (2) There was no proper or sufficient evidence in the record upon which the juvenile court could make the findings of fact necessary to support the granting of a petition to transfer. (3) The juvenile court violated the constitutional rights of Phillip Brown in failing to grant the hearing required by the Iowa law.

Since we decide this matter upon assignments (1) and (2) under the rule, we do not reach the constitutional question presented in assignment (3).

■ I. Appellant contends the record clearly shows the juvenile court failed to grant him a hearing as required by section 232.72, Iowa Code Annotated, and thus there was no evidence in the record of those proceedings upon which the court could make the required findings of fact necessary to grant the motion to transfer. We must agree.

Chapter 232, Code of 1966, as amended by chapter 203, section 23, Laws of the Sixty-second General Assembly, now provides in section 232.72: "When a petition alleging delinquency is based on an alleged act committed after the minor's fourteenth birthday, and the court, *after a hearing,* deems it contrary to the best interest of the minor or the public to retain jurisdiction, the court may enter an order making such findings and referring the alleged violation to the appropriate prosecuting au-

thority for proper action under the criminal law. * * *" (Emphasis supplied.)

II. Clearly, the statute requires a hearing before any finding can be made by the court and before any order of transfer can be issued. Certainly a hearing contemplates testimony and evidence which can become a part of the record available for review. Generally speaking, facts which are known by the judge but are not made a part of the record cannot be considered as evidence by the trial court or by us in an appeal. Unless such evidence is offered and is subject to proper objections and cross-examinations, the statutory requirement of a hearing is not met. Orcutt v. State, Iowa, 173 N.W.2d 66, and citations.

In Orcutt v. State, supra, we fully discussed the calculated meaning of the word "hearing" as used in such statutes and need not repeat that discussion here.

III. We are satisfied this statute required the petitioner to produce evidence which will support a finding by the court that it will be to the best interest of the minor or the public to retain jurisdiction or to grant a transfer to the district court for disposition. Although it may be that the record of this minor which had been studied by the judge prior to these proceedings might justify the transfer order, until the appellant has his day in court, which includes his right to effective counsel, the production of witnesses and records, etc., any order entered by the court may properly be challenged.

There being no hearing provided in the case at bar as contemplated by section 232.72 of the 1966 Code Annotated, we must hold the order of transfer is void and we remand the case to the Juvenile Court of Hardin County for further proceedings in accordance with this opinion.

Reversed and remanded.

All Justices concur.