**UNITED STATES of America, Plaintiff-Appellee,**

v.

**George Anthony TANKS, Jr., Defendant-Appellant.**

**No. 72-1075.**

United States Court of Appeals, Ninth Circuit.

July 24, 1972.

W. C. Miller, Los Angeles, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Eric A. Nobles, Kenneth P. Snoke, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, MERRILL and TRASK, Circuit Judges.

PER CURIAM:

On this appeal from his conviction in district court for transporting a stolen vehicle in interstate commerce knowing such vehicle to be stolen, in violation of 18 U.S.C. § 2312, appellant Tanks contests the admissibility of certain evidence.

At trial, FBI agent Wessel was called to testify regarding an interview with the appellant shortly after his arrest. The trial judge held a hearing out of the presence of the jury to determine whether the statements of appellant Tanks to which agent Wessel was to testify had been given voluntarily and intelligently, and at the close of the hearing concluded that they were so given beyond a reasonable doubt. We think that conclusion was amply supported by the uncontradicted evidence that the appellant was advised of his rights and understood them. Appellant's initial testimony that he had signed the FBI interrogation and advice of rights form because he was told that he had to do so before he could have an attorney was contradicted by his own later testimony. Since we do not find the trial court's determination to be plainly untenable, we must sustain its conclusion that appellant's statements were voluntarily given. Moser v. United States, 381 F.2d 363, 364 (9th Cir. 1967). We therefore reject appellant's challenge to the admissibility of those statements.

We also think that appellant's challenge to the admissibility of evidence of prior felony convictions must fail. Appellant contends that such evidence was inadmissible since the trial court did not first determine that the previous convictions were constitutionally valid. He raises this contention for the first time on this appeal. While it is true that there may be exceptional circumstances which will prompt a reviewing court, where there is plain error or injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the court below, Hormel v. Helvering, 312 U.S. 552, 556, 61 S.Ct. 719, 85 L.Ed. 1037 (1941), he has presented no "exceptional circumstances" here which would require departure from the rule that appellate courts will not consider contentions not timely presented to the lower court. Yeater v. United States, 397 F.2d 975 (9th Cir. 1968).

Judgment affirmed.