**UNITED STATES of America,**
**Appellee,**

v.

**Frank Steven DORMAN, Appellant.**

**Nos. 73-2034 to 73-2036.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 11, 1974.

Decided April 23, 1974.

George K. Walker, Associate Professor of Law, Winston-Salem, N.C. [court-appointed] (George Bauer and Roger Haley, student advocates, on brief), for appellant.

Roger T. Williams, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., E.D. Va., on brief), for appellee.

Before WINTER, BUTZNER, and FIELD, Circuit Judges.

BUTZNER, Circuit Judge:

Frank Steven Dorman appeals from two convictions for the interstate transportation of forged checks in violation of 18 U.S.C. § 2314 (1970) and from his conviction for bail jumping, 18 U.S.C. § 3150 (1970). We affirm.

Dorman assigns error to the district court's refusal to accept his pleas of nolo contendere to the charges of interstate

transportation of forged checks. He contends that he had a right to avoid civil liability for the forgeries by pleading nolo contendere instead of guilty.

A plea of nolo contendere is an admission of guilt which can subject the defendant to the same punishment that he would have received on a plea of guilty. But unlike a plea of guilty, a plea of nolo contendere is not admissible against the defendant in a subsequent civil action. Hudson v. United States, 272 U.S. 451, 453, 47 S.Ct. 127, 71 L.Ed. 347 (1926); ABA, Standards Relating to Pleas of Guilty 15 (App. Draft 1968); L. Hall, Y. Kamisar, W. LaFave, J. Israel, Modern Criminal Procedure 990 (3d ed. 1969). A defendant, however, does not have an absolute right to plead nolo contendere simply because he wishes to contest his civil liability. United States v. Faucette, 223 F.Supp. 199 (S. D.N.Y.1963). Federal Rule of Criminal Procedure 11, which provides that the plea can be entered only with the consent of the district court, has been construed to vest the trial judge with broad discretion. Mason v. United States, 250 F.2d 704, 706 (10th Cir. 1957). Here the judge explained to Dorman that he usually did not consent to pleas of nolo contendere except in income tax evasion cases. The reason for the exception, he added, was to enable a defendant to admit his guilt without being estopped to challenge an overstatement of the amount of the tax in the indictment when the government subsequently undertakes collection. Here, in contrast, there is no likelihood that the indictments inflated the sums payable ascribed to the forged checks.

Clearly, the district judge's ruling was not arbitrary or capricious. We find no abuse of discretion in his general rule · for pleas of nolo contendere nor in his refusal to apply its exception to Dorman. The judge drew a rational distinction between indictments for income tax evasions and transportation of forged checks, which negates any suggestion of invidious discrimination

against Dorman. Moreover, Dorman waived his non-jurisdictional claim to plead nolo contendere by his subsequent plea of guilty. *Cf.* Vanater v. Boles, 377 F.2d 898, 901 (4th Cir. 1967); United States v. Doyle, 348 F.2d 715, 718 (2d Cir. 1965).

Dorman pleaded not guilty to bail jumping. His principal attack against this judgment is the insufficiency of the evidence to sustain the verdict. He charges that the prosecution did not prove a statutory element of the crime, namely, that his failure to appear was willful.

The government proved the following facts: Dorman was present when the case was set for trial, and he knew the trial date; he executed an appearance bond; his attorney and bondsman could not reach him at the address he had furnished; he did not appear on the trial date; the clerk's office contained no record of a change of address or of his inability to appear; and he was apprehended in a place beyond the geographic limits of his bond more than a month after the trial date. This evidence was sufficient to permit the jury to find that Dorman's absence was willful despite his uncorroborated testimony that a deputy clerk excused him so he could attend a funeral. Willfulness, like intent, can rarely be proved by direct evidence. Generally it depends on the inferences that can reasonably be drawn from all the evidence—including the defendant's own testimony, which the jury is not obliged to credit. United States v. Moss, 141 U.S.App.D.C. 306, 438 F.2d 147, 149 (1970); *cf.* United States v. Cardillo, 473 F.2d 325 (4th Cir. 1973).

When Dorman testified, his attorney questioned him about a prior conviction of a felony in anticipation that the prosecution would disclose this information on cross-examination. Dorman now contends that the court should have ascertained the validity of his prior conviction before he testified. He relies solely on an affidavit filed in this court in which he avers that to the best of his

information and belief he did not have counsel when he was previously convicted of certain felonies.

 A conviction that is invalid because of denial of the right to counsel cannot be used to impeach the defendant. Loper v. Beto, 405 U.S. 473, 92 S. Ct. 1014, 31 L.Ed.2d 374 (1972). This rule, however, cannot be applied to Dorman's case because he did not raise the point in the district court. *Cf.* United States v. Tanks, 464 F.2d 547 (9th Cir. 1972). Ordinarily appellate courts do not consider issues that were not timely presented to the trial court unless the error is plain or so fundamental that an injustice will result. Hormel v. Helvering, 312 U.S. 552, 556, 61 S.Ct. 719, 85 L.Ed. 1037 (1941). Here the circumstances do not dictate an exception to the general rule. Dorman volunteered the information about his prior conviction when he testified. Moreover, his affidavit does not address the question of whether he previously waived counsel. Accordingly, we conclude that this assignment of error does not merit reversal.

Dorman assails his sentences because the district court utilized a presentence report that did not affirmatively show that he was afforded counsel when he was previously convicted of felonies mentioned in the report. The district court sentenced Dorman on the same day for the two charges to which he had pled guilty and the bail jumping charge on which a jury found him guilty. Neither Dorman nor his counsel questioned the validity of the prior convictions listed in the presentence report, although the Court furnished them the report and afforded them ample opportunity to object to it.

A conviction obtained in violation of the defendant's right to counsel cannot subsequently be used to enhance his punishment for another crime. United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). But Dorman has initially raised this assignment of error on appeal. Again, we

find no occasion for applying an exception to the general rule prohibiting consideration of alleged errors that were not presented to the trial court. Dorman has not yet established that any of his prior convictions was invalid. If he is able to do this, he can seek relief by motion under 28 U.S.C. § 2255 (1970). Brown v. United States, 483 F.2d 116 (4th Cir. 1973).

The judgments are affirmed.