546 P.2d 23

**In the Matter of the Appeal in PIMA COUNTY, JUVENILE ACTION NO. J–47735–I.**

**No. 2 CA–CIV 2036.**

Court of Appeals of Arizona, Division 2.

Feb. 17, 1976.

Review Denied March 16, 1976.

John M. Neis, Pima County Public Defender by Jeanne K. Parrott, Asst. Public Defender, Tucson, for appellant.

Dennis DeConcini, Pima County Atty. by Franklin O. Eldridge, Deputy County Atty., Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

Appellant had three petitions filed against him in Pima County Juvenile Court. The first charged him with several minor offenses which occurred on March 10, 1975. The second charged him with two counts of burglary, committed April 18, 1975, and the third charged him with first-degree murder, committed on March 28, 1975. A petition to transfer him to adult jurisdiction was filed by the Pima County Attorney's office pursuant to Rule 12, Rules of Procedure for the Juvenile Court, 17A A.R.S. The order of transfer was filed on October 21. Appellant was 16 years old at the time of the alleged offenses and the transfer proceedings.

The first point raised by appellant revolves around a minute entry filed on September 10 by the Honorable John P. Collins. The ruling in question, entered after the county attorney's office affidavited Judge Collins from hearing the case, reads:

". . . [T]he undersigned is of the opinion, from the facts brought to his attention, that the safety and security of all children and personnel working in detention is seriously at issue presently and will be more serious with each day passing after the present hearing date."

It is argued that such minute entry unfairly biased the case against appellant. Due process requires a hearing before an impartial tribunal. However, we do not agree with appellant on this point. The issue was not raised below and ordinarily appellate courts do not consider issues that were not timely presented to the lower court unless it is plain or fundamental error. *Hormel v. Helvering,* 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 (1941). The minute entry was known to all parties before the transfer hearing, but appellant never objected to the entry. It would seem that appellant held this point in reserve in case an appeal issue was later needed. See *United States v. Tanks,* 464 F.2d 547 (9th Cir. 1972). The notation in the minute entry was not fundamental error and appellant was not prejudiced in any way. It is interesting to note that Judge Roylston, in direct contravention of the minute entry, granted appellant's motion to continue the transfer hearing from September 26 to October 14. In view of this, it is difficult for

us to say that the minute entry had any effect at all on appellant's case.

■ Appellant objects to the allowance of hearsay testimony to support a finding of probable cause on the murder and burglary charges. Hearsay is admissible to establish probable cause in a preliminary hearing under Rule 5.4, Rules of Criminal Procedure, 17 A.R.S. In the case of *In re Anonymous, Juvenile Court No. 6358–4,* 14 Ariz.App. 466, 484 P.2d 235 (1971), we dealt with the nature of the transfer hearing and stated that it can be divided into two phases: (1) Has an offense been committed and does probable cause exist to believe the child committed the offense? And (2) if so, should the court retain jurisdiction or transfer the child to adult court? After quoting Rule 14, Rules of Procedure for the Juvenile Court for the probable cause requirement, we said:

> "The use of the term 'probable cause' leads us to conclude that the first phase of the transfer hearing has some comparability to a preliminary hearing in the adult court. This requires that the determination be founded upon competent evidence to the same extent as any other judicial proceeding." 14 Ariz.App. at 470, 484 P.2d at 239.

We also indicated that a preliminary examination is not a trial but simply a course of procedure whereby possible abuse of power may be prevented, citing *State v. Shumacher,* 97 Ariz. 354, 400 P.2d 584 (1965). We feel that the analogy between the preliminary hearing in adult court and the first stage of the transfer hearing in juvenile court pertains and therefore hearsay testimony should be allowed in that phase in the juvenile court. The analogy was also recognized in Division One of this court in *In re Maricopa County, Juvenile Action No. J–72804,* 18 Ariz.App. 560, 504 P.2d 501 (1972). We can see no justification for more stringent rules of evidence in juvenile court than in adult court, and therefore hold that hearsay testimony is admissible in the transfer hearing.

■■ It is contended that appellant did not voluntarily and intelligently waive his rights under Rule 18. Rule 18 does not require that a juvenile be informed of all possible uses or consequences of his statement. As was said in *State v. Hardy,* 107 Ariz. 583, 491 P.2d 17 (1971), Rule 18 is not to be rigidly applied but rather all the circumstances of the taking of the statement should be viewed to determine if the rule has been followed. In the case before us, the spirit of the rule has been followed and examination of the circumstances leads us to conclude that appellant did voluntarily and intelligently waive his rights. The record shows that he had been read the Miranda warnings on many prior occasions, that he had been advised of his rights twice before giving his statement in Kansas, that he was aware of other pending charges, that he had previous experience with waiver of jurisdiction by the juvenile court. All of this would indicate a knowing waiver of rights.

■ The next point raised by appellant is that the juvenile court erred in considering prior findings of delinquency without a showing that appellant was either represented by counsel or that he knowingly and intelligently waived his right to counsel. Appellant attempts to apply the dictates of *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) to the juvenile court setting. He relies on the essence of *Application of Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed. 2d 527 (1967), which extended a fundamental right of due process, that of confrontation and cross examination of witnesses, to the juvenile court arena. However, while there is a need for procedural safeguards at the transfer hearing, there is no authority to apply this particular aspect of due process to this proceeding. In addition, appellant is raising his objections to the juvenile probation officer's report, gathered under Rule 12, for the first time on appeal. He did not give the juvenile court an opportunity to ascertain if the dictates of *Gideon v. Wainwright,* supra,

had been met. The Fourth Circuit Court of Appeals, in a recent case, held that a defendant's failure to challenge the inclusion of prior convictions in a presentence report precluded him from raising the issue on appeal. *U. S. v. Dorman,* 496 F.2d 438 (4th Cir. 1974), cert. den. 419 U.S. 495, 95 S.Ct. 214, 42 L.Ed.2d 168 (1975). The court stated:

> "But *Dorman* has initially raised this assignment of error on appeal. Again, we find no occasion for applying an exception to the general rule prohibiting consideration of alleged errors that were not presented to the trial court." 496 F.2d at 441.

As we find that the point was not properly preserved for appeal, we need not determine whether *Gideon v. Wainwright,* supra, extends into this area.

■ Finally, appellant claims the court failed to comply with Rule 14 in that a full investigation was not made to determine if he should be remanded to adult court. Rule 14 states that the court may transfer the action for criminal prosecution only if there are reasonable grounds to believe that:

> "(1) The child is not amendable to treatment or rehabilitation as a delinquent child through available facilities; and
>
> (2) The child is not commitable to an institution for mentally deficient, mentally defective or mentally ill persons; and
>
> (3) The safety or interest of the public requires that the child be transferred for criminal prosecution."

In addition to the probation officer's report and testimony, both of which were subjected to cross examination, the court heard from several psychologists and psychiatrists concerning appellant's amenability to treatment and type of treatment required. An officer of the Department of Corrections was called and testified concerning existing facilities and witnesses associated with one of the facilities also testified. We believe that the investigation requirement was fulfilled. The transfer order is affirmed.

HOWARD, C. J., and KRUCKER, J., concur.