STATE of Iowa, Appellee,

v.

Robert Earl ANTHONY, Appellant.

No. 58273.

Supreme Court of Iowa.

March 17, 1976.

Charles T. Mattson, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., Darby M. Coriden, Asst. Atty. Gen., and David Dutton, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REES, JJ.

LeGRAND, Justice.

The sole question presented here is whether the trial court erred in transferring this juvenile defendant to criminal court for prosecution on a charge of murder committed in violation of § 690.1, The Code. He subsequently entered a plea of guilty and was sentenced to serve a term of 50 years in the penitentiary as provided by § 690.3, The Code. We affirm that judgment.

On September 19, 1974, a petition was filed in juvenile court in Black Hawk County alleging defendant, then 17 years of age, was delinquent. On the same day, an application was filed to transfer defendant to criminal court for prosecution in connection with an incident at a Waterloo high school during which defendant stabbed Jeffrey Bawek, 16 years of age, to death.

Our law requires every juvenile accused of a crime (with exceptions not applicable here) to be referred first to juvenile court. That court, after hearing, may waive its jurisdiction and order the juvenile held responsible as an adult. § 232.72, The Code; *In re Brown*, 183 N.W.2d 731, 732–733 (Iowa 1971). The decision to transfer belongs by statute to the juvenile court. *Mallory v. Paradise*, 173 N.W.2d 264, 268 (Iowa 1969).

The pertinent portion of § 232.72 is here set out:

"When a petition alleging delinquency is based on an alleged act committed after the minor's fourteenth birthday, and the court, after a hearing, deems it contrary to the best interest of the minor or the public to retain jurisdiction, the court may enter an order making such findings and referring the alleged violation to the appropriate prosecuting authority for proper action under the criminal law."

In *State v. Halverson,* 192 N.W.2d 765, 767–769 (Iowa 1971) we considered the principles by which the transfer provisions of § 232.72 should be governed, with particular reference to *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).

*Halverson* establishes that a transfer from juvenile court may be made only after a hearing solely on the question of transfer. Some of the circumstances entitled to consideration are the amenability of the juvenile to the rehabilitative procedures available; the necessity of protecting the public from the child; and the heinous character of the alleged crime. (192 N.W.2d at 769). *In re Brown, supra,* 183 N.W.2d at 733, dictates the hearing afforded must be a meaningful one, including the production of evidence relied on in asking the transfer and the right to cross-examine with the assistance of counsel. *See also* discussion in *Orcutt v. State,* 173 N.W.2d 66, 67–71 (Iowa 1969).

Defendant argues *Kent* and *Halverson* demonstrate he was wrongfully transferred from juvenile to criminal court. On the contrary, we find those cases fully support the juvenile court's transfer order.

First, the juvenile court ordered a psychiatric examination, the results of which were available to the court and to counsel for the defendant and for the State. Then a hearing was held limited strictly to the question of transfer. The juvenile court carefully excluded any consideration of the merits of the case. *See Breed v. Jones,* 421 U.S. 519, 539, 95 S.Ct. 1779, 1790, 44 L.Ed.2d 346, 357–359 (1975) and *State v. Halverson, supra,* 192 N.W.2d at 769. Evidence was in-troduced, subject to cross-examination by defendant's two lawyers. Although not required for a transfer hearing (*see* § 232.11), defendant's mother was present at the hearing.

At the conclusion of the hearing, the juvenile court made detailed findings, from which we quote approvingly:

"The court finds that the offense of murder by stabbing, if done in the manner described in the juvenile's statement is a heinous crime and that recourse to the services of the juvenile court for a period of less than five months [at which time the juvenile would become 18 years of age] could not guarantee the protection of society from the juvenile if he was guilty of the act. The court therefore finds the retaining of jurisdiction in this case by the juvenile court would be contrary to the best interests of society.

"It is therefore ordered by the court that the alleged violation of state law forming the basis for allegation of delinquency in the petition filed in this court on September 19, 1974 * * * be and the same is hereby referred to the Black Hawk County Attorney for proper action under the criminal law.

"The Black Hawk County juvenile court hereby waives all jurisdiction in this matter and the petition alleging the juvenile Bobbie Earl Anthony is a delinquent child is ordered dismissed."

Contrary to the defendant's argument, he was afforded full constitutional and statutory rights in the procedure by which the juvenile court transfer order was entered.

Although we have not ignored the question whether defendant's subsequent guilty plea waives his right to appeal from the transfer order—an issue not raised by the State—we have elected to decide the case on the merits. Having done so, we affirm the judgment.

AFFIRMED.