## IN THE INTEREST OF THEODORE G. DINSON BORN ON JULY 23, 1957, MINOR-APPELLANT

NO. 6026

JANUARY 16, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY KIDWELL, J.

This is an appeal from a family court order waiving Appellant from the jurisdiction of the family court and transferring

him to circuit court for criminal prosecution, pursuant to HRS § 571-22.[1] We affirm the waiver order.

The proceeding was initiated by a petition of the county prosecutor which alleged the commission of several acts by Appellant prior to his eighteenth birthday which would constitute felonies if committed by an adult. The family court conducted its waiver proceedings in two separate sessions. At the first session, the court heard the testimony of a psychologist, and received his report into evidence. Appellant stipulated as to the qualifications of the psychologist, and to the competency of the material contained in his report. The court also heard testimony of a probation officer but Appellant objected to the admission of the report that she had prepared to assist the court in making the "full investigation" required by statute, on the grounds that the report, while not itself inadmissible as hearsay, nevertheless contained matter that was hearsay and therefore deprived appellant of his right to due process and confrontation of witnesses against him. The court continued the proceedings and directed its social staff to prepare a supplemental report, especially in reference to Appellant's job situation and place of residence, which had been brought into question in cross-examination, as well as Appellant's likely future danger to the community.

When the waiver proceedings reconvened, the court heard the testimony of another probation officer who had done the supplemental report that the court had requested, and received the supplemental report into evidence, over Appellant's objection, subject to the condition that both parties submit memoranda on whether the material contained in the report was admissible in a waiver proceeding. However,

---

[1] HRS § 571-22 provides:

The court may waive jurisdiction and order a minor adult held for criminal proceedings after the full investigation and hearing where the person during his minority, but on or after his sixteenth birthday, is alleged to have committed an act which would constitute a felony if committed by an adult, and the court finds there is no evidence the person is committable to an institution for the mentally defective or retarded or the mentally ill, is not treatable in any available institution or facility within the State designed for the care and treatment of children or that the safety of the community requires that the person continue under judicial restraint for a period extending beyond his minority.

following extensive questioning of the probation officer, the State moved to withdraw the supplemental probation officer's report from evidence. This motion was granted, and no memoranda were ultimately filed below as to the admissibility of the report.

An order waiving family court jurisdiction was then entered, followed by the filing of the court's findings and decisions accompanied by a statement of reasons. The findings, which were in the statutory language, have not been questioned on this appeal. The following is a part of the court's statement of reasons:

> On September 9, 1975, there was a continuation on the hearing on the motion for waiver of jurisdiction. Rodney Maeda, probation officer in Kona, did an addendum to the study for waiver of jurisdiction. His study was also based on the Kent decision, 8 point guideline, as well as a detailed summary of the minor's employment history. . . .
>
> Based on the testimony and the reports of the three witnesses in this case, it is this court's opinion that the minor be held for further proceedings in the Circuit Court . . . and that the Family Court jurisdiction be waived.

Although the court made reference to the supplemental report and clearly relied upon it in making its decision to waive Appellant for adult criminal prosecution, the report had been withdrawn from evidence and is not part of the record on appeal.

Three issues are raised on appeal:

(1) Whether admission of the first social report violated Appellant's right to confrontation of witnesses against him, because it contained, *inter alia,* reports of information supplied by third parties and not within the personal knowledge of the author of the report;

(2) Whether the family court's express reliance on a report that had been withdrawn from evidence violated defendant's right to due process; and

(3) Whether it was prejudicial error for the court to allow a probation officer to testify as to an allegedly ultimate legal conclusion, *i.e.,* that her report was prepared in accordance with the guidelines contained in the

Supreme Court decision of *Kent v. United States,* 383 U.S. 541, 565 (1966).[2]

The threshold question in this case is whether the court's reliance upon material that had been withdrawn from evidence necessitates reversal. However, this question, and the question of the admissibility of hearsay in social reports prepared to assist the court in making the "full investigation" required under HRS § 571-22, both depend on the nature of the waiver decision and the standard of due process that is appropriate to it. The basic standard in this area was established in *Kent v. United States, supra.* Although *Kent* was decided under a statute of the District of Columbia, the opinion may have formulated a due process standard arising out of the loss of the statutory entitlement in question, *i.e.,* the right to the exclusive jurisdiction of the juvenile court and treatment as a juvenile offender. In *Kent,* the Court an-

---

[2] The "guidelines" appended to the decision of the United States Supreme Court in *Kent v. United States, supra* at 565-568, but not part of the opinion in that case, state the determinative factors of a waiver decision as follows:

1. The seriousness of the alleged offense to the community and whether the protection of the community requires waiver.

2. Whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner.

3. Whether the alleged offense was against persons or against property, greater weight being given to offenses against persons especially if personal injury resulted.

4. The prosecutive merit of the complaint, i.e., whether there is evidence upon which a Grand Jury may be expected to return an indictment (to be determined by consultation with the United States Attorney).

5. The desirability of trial and disposition of the entire offense in one court when the juvenile's associates in the alleged offense are adults who will be charged with a crime in the U.S. District Court for the District of Columbia.

6. The sophistication and maturity of the juvenile as determined by consideration of his home, environmental situation, emotional attitude and pattern of living.

7. The record and previous history of the juvenile, including previous contacts with the Youth Aid Division, other law enforcement agencies, juvenile courts and other jurisdictions, prior periods of probation to this Court, or prior commitments to juvenile institutions.

8. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the juvenile (if he is found to have committed the alleged offense) by the use of procedures, services and facilities currently available to the Juvenile Court.

*Kent, supra,* at 566-567.

nounced that "as a condition to a valid waiver order, petitioner was entitled to a hearing, including access by his counsel to the social records and probation or similar reports which presumably are considered by the court, and to a statement of reasons for the Juvenile Court's decision." 383 U.S. at 541. Some courts have accepted the *Kent* decision as one that is constitutional in scope.[3] We have previously tested a family court waiver proceeding against these standards, without resolving the question of their constitutional dimension. *In re John Doe I*, 50 Haw. 620 (1968). As in that case, we again find the waiver proceeding before us in conformity with the *Kent* standards, and need not consider whether they have constitutional authority.[4]

The specific procedures held to be required in *Kent* represent the Supreme Court's furthest extension of due process guaranties to non-adjudicatory proceedings in the juvenile courts. Thus far the Supreme Court has applied full criminal procedural protections to proceedings in juvenile court only in the context of an adjudication that the juvenile has committed the offenses alleged. *In re Gault*, 387 U.S. 1 (1967); *In re Winship*, 397 U.S. 358 (1970). Even in the case of adjudicatory proceedings such protections have been limited to those which would not disrupt the essential character of juvenile proceedings. *McKeiver v. Pennsylvania*, 403 U.S. 528 (1971).

A waiver decision depends, under the statutory requirements, upon findings by the family court that there is no evidence that the juvenile is committable to an institution for

---

[3] *See* Note, "Due Process and Waiver of Juvenile Court Jurisdiction", 30 WASH. & LEE L. REV. 591, 595 (1973); *In re John Doe*, 57 Haw. 413, 558 P.2d 483 (1976); *In re John Doe I*, 50 Haw. 620, 623, 446 P.2d 564, 567 (1968). *Cf. In re John Doe I*, 50 Haw. 537, 444 P.2d 459 (1968).

[4] We are aware, with some concern, that failure on the part of the family court to conform its proceedings to these requirements could result in reversal of waiver orders after the juvenile had become an adult. The renewal of the waiver proceeding under these circumstances would present difficulties with which we have yet to deal. It is also apparent that appeal of a waiver order with a stay of execution, although affirmance results, may so delay the onset of the trial as to create substantial difficulties for both the prosecution and the defense. These problems appear to be more susceptible to legislative than to judicial solution.

the mentally defective or retarded or the mentally ill and also that either he "is not treatable in any available institution or facility within the State designed for the care and treatment of children" or "the safety of the community requires that [he] continue under judicial restraint for a period extending beyond minority." These findings are of essentially the same character as those required by HRS § 706-667, pursuant to which a young adult defendant may be sentenced to a special intermediate term of imprisonment "if the court is of the opinion that such special term is adequate for his correction and rehabilitation and will not jeopardize the protection of the public." In *State v. Nobriga*, 56 Haw. 75, 527 P.2d 1269 (1974), we characterized the stage of the proceeding at which these findings are made as the sentencing stage and distinguished it from the process of determining guilt or innocence. The significance of the distinction is that information which would not be admissible as evidence in an adversary proceeding may be brought before the court to enable it to render an informed decision on the disposition of the defendant. In such a proceeding, the judge may consider out-of-court information relative to the offender's life and characteristics without depriving him "of fundamental fairness or of any right of confrontation or cross-examination." *Williams v. Oklahoma*, 358 U.S. 576, 584 (1959).

We view the waiver proceeding as primarily dispositional and essentially of the nature of the ordinary sentencing proceeding, so that the full criminal procedural protections appropriate to an adjudication of guilt do not apply. *Cf. D.H. v. State*, 76 Wis.2d 286, 251 N.W.2d 196 (1976). We do not imply that its substance, any more than its procedure, is immune from review by this court. As in the case of sentencing, such a decision may be overturned where it is clearly based on materially untrue or unreliable information. *Townsend v. Burke*, 334 U.S. 736 (1948); *United States v. Tucker*, 404 U.S. 443 (1972).

We turn now to consideration whether the waiver proceeding in this case satisfies the tests above enunciated. A preliminary issue raised by Appellant concerns the testimony of the first probation officer that she did "use guidelines set

down by the United States Supreme Court decision in *Kent v. United States* to formulate [her] study''. Appellant contends that this was an impermissible legal conclusion, although no question is raised of any deficiency in the family court's findings and statement of reasons. An examination of the report discloses that it is organized in the format of the eight *Kent* guidelines. The testimony was entirely explanatory and added nothing to what appeared on the face of the report. The probation officer did not testify to the legal sufficiency of the report or otherwise offer a legal conclusion. Appellant's argument is without substance.

Appellant objects to the admission and use of the report of the first probation officer, as violative of Appellant's right to confront the witnesses against him, because the report purported to state as fact certain information derived by the probation officer from unidentified third parties and as to which the probation officer had no first-hand knowledge. What we have already said largely disposes of this question. We have characterized the waiver procedure as dispositional and have analogized it to the ordinary sentencing process. As we said in *State v. Kamae*, 56 Haw. 628, 637, 548 P.2d 632, 638 (1976), in purely ordinary sentencing where the judge is not concerned with determining guilt or the extent of criminality, "a sentencing court may acquire information about a defendant from any source, including any data contained in a presentence report, and utilize the same in the sentencing of a defendant without violating due process."

The procedural standards of *Kent* circumscribe the freedom of a family court judge to rely in a waiver proceeding upon such reports, by requiring that the reports be made available to counsel for the juvenile. In the present case the report was produced at the hearing and made a part of the record. Its author was placed on the stand for cross-examination by Appellant's counsel. Appellant had full opportunity to ascertain the sources of all factual statements in the report and to rebut the statements. Appellant does not complain of any lack of opportunity to call the informants who were the sources of the factual statements in the report. We see no lack of procedural fairness in the consideration of this report

by the family court. *See, e.g., People v. Chi Ko Wong,* 18 Cal. 3d 698, 135 Cal. Rptr. 392, 557 P.2d 976 (1976); *D.H. v. State, supra; In re Harbert,* 85 Wash.2d 719, 538 P.2d 1212 (1975); *State v. Carmichael,* 35 Ohio St. 2d 1, 64 Ohio Op. 2d 1, 298 N.E.2d 568 (1973), *cert. denied,* 414 U.S. 1161 (1974).

A somewhat confusing but essentially no more difficult question is presented by the treatment given to the supplemental probation officer's report. This report was withdrawn from evidence by the State and was not included in the record on appeal. Nevertheless, the findings and decision of the family court disclose that it furnished part of the basis for the waiver decision. The author of the report was placed on the stand and subjected to cross-examination by Appellant's counsel with the report before him. From the record we may infer that the report contained information, including statements allegedly made by Appellant, of a hearsay nature. What we have said with respect to the report of the first probation officer disposes of Appellant's objections to the family court's use of this report in reaching its decision, except the contention that its withdrawal from evidence foreclosed reference to it by the family court.

The proposition upon which Appellant chiefly relies with respect to this issue, *i.e.,* that the family court may not take into consideration matters not in evidence, is manifestly invalid. As we have pointed out, the family court may resort to a wide range of out-of-court information in reaching its decision on waiver of jurisdiction of a juvenile, subject to the requirement that what is so considered be made available to counsel for the juvenile for challenge, impeachment, criticism or refutation. The report now in question was in the hands of Appellant's counsel and as fully available for his use as that of the first probation officer which appears in the record. It was not suggested to the family court, by way of a motion for reconsideration or otherwise, that such reference as the court may have made to the supplemental report had prejudiced Appellant's presentation of his case. The facts which the family court attributed to the supplemental report in its findings and decision were brought out in the testimony of the probation officer in the waiver proceeding. Though we do not

commend the ambiguous treatment of the supplemental report by the family court, we see no prejudice to the substantive rights of Appellant and find the waiver proceeding free from prejudicial error.

The waiver order is affirmed.

*Steven K. Christensen* for Minor-Appellant.

*Jon R. Ono,* First Deputy Prosecuting Attorney, County of Hawaii, for State of Hawaii-Appellee.