STATE of Iowa, Appellee,

v.

Rondold Reece WRIGHT, Appellant.

No. 88–1187.

Supreme Court of Iowa.

May 23, 1990.

Thomas J. Miller, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., and James Smith, Polk County Atty., for appellee.

Raymond E. Rogers, State Appellate Defender, and Andi S. Lipman and James F. Whalen, Asst. Appellate Defenders, for appellant.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, CARTER, and LAVORATO, JJ.

LAVORATO, Justice.

In this appeal we consider whether a juvenile has a right of confrontation in a waiver hearing conducted pursuant to Iowa Code section 232.45 (1987). We conclude not. We vacate the court of appeals decision and affirm the judgment of the district court.

On February 5, 1988, the State filed a petition alleging the juvenile had committed the delinquent act of sexual abuse. Several days later the State filed another petition concerning the juvenile. This time the State alleged the juvenile had committed the delinquent act of first-degree burglary. Both delinquent acts allegedly arose out of the same incident. At the time the two petitions were filed, the juvenile was six months short of his eighteenth birthday.

On the same date the second delinquency petition was filed, the State also filed a motion to waive the juvenile court's jurisdiction. In a detention hearing held earlier, the juvenile court referee had determined that there was probable cause to believe the juvenile had committed the delinquent acts. So the referee ordered the juvenile's

detention pending further order of the court.

On March 1 the district court heard the waiver motion and waived jurisdiction of the juvenile for the alleged commission of the offenses. The court then transferred the case to the adult division of the Polk County District Court.

Dan Corsbie, a Polk County juvenile probation officer, prepared a report for the district court, recommending waiver of jurisdiction. At the hearing on the waiver motion the State offered Corsbie's report through Dave Tomason, Corsbie's immediate supervisor. Corsbie was not available to testify at the time because he was on military leave with the National Guard.

A jury found the juvenile guilty of sexual abuse in the third degree. *See* Iowa Code § 709.4(1). The court sentenced him to a term not to exceed ten years. *See* Iowa Code §§ 902.9(3), 902.3. This appeal followed. On appeal the juvenile argues that he has both a statutory and constitutional right to confrontation at a waiver hearing. He premises his statutory right on Iowa Code section 232.45 and his constitutional right on the sixth and fourteenth amendments under the United States Constitution.

We transferred the case to the court of appeals, which reversed. The court of appeals concluded that the juvenile's sixth and fourteenth amendment rights under the United States Constitution were violated when Corsbie's report was admitted. These rights were violated—the court of appeals found—because the juvenile was denied the right to confront and cross-examine Corsbie. The State filed an application for further review which we granted.

## I. *Statutory Right to Confrontation.*

Iowa Code section 232.45 provides the procedure the juvenile court must follow for waiver hearings. The juvenile court must provide notice and an opportunity to be heard on the motion. *See* Iowa Code § 232.45(2), (3).

Before the hearing,

the juvenile probation officer or other person or agency designated by the court shall conduct an investigation for the purpose of collecting information relevant to the court's decision to waive its jurisdiction over the [juvenile] for the alleged commission of the public offense and shall submit a report concerning the investigation to the court. The report shall include any recommendations made concerning waiver. Prior to the hearing the court shall provide the [juvenile's] counsel and the county attorney with access to the report and to all written material to be considered by the court.

*Id.* at § 232.45(4).

At the waiver hearing, all relevant and material evidence is admissible. *Id.* at § 232.45(5). The State contends this provision means exactly what it says: *all* relevant and material evidence is admissible. So even hearsay evidence is admissible if it is relevant and material.

The juvenile, on the other hand, contends that the language of section 232.45(5) means only that the strict rules of evidence shall be relaxed at the waiver hearing. It does not mean—the juvenile argues—that the legislature intended to allow admission, without cross-examination, of a waiver report prepared pursuant to section 232.45(4). In support of his contention, the juvenile cites two of our cases: *State v. Anthony,* 239 N.W.2d 850 (Iowa 1976) and *In re Brown,* 183 N.W.2d 731 (Iowa 1971). Both cases stand for the proposition that the waiver hearing afforded "must be a meaningful one, including the production of evidence relied on in asking for the transfer *and the right to cross-examine with the assistance of counsel.*" *Anthony,* 239 N.W.2d at 851 (emphasis added); *accord Brown,* 183 N.W.2d at 733.

The State responds on two grounds. First, at the time *Anthony* and *Brown* were decided the broad admissibility language now found in section 232.45(5) was not in our juvenile code. So when the legislature added section 232.45(5) in 1977, it signaled its intent to allow all relevant and material evidence at a waiver hearing whether it is hearsay or not.

Second, section 232.45(5) is analogous to the rule of evidence in administrative law that permits an agency to receive and consider hearsay evidence. *See McConnell v. Iowa Dep't of Job Serv.*, 327 N.W.2d 234, 236–37 (Iowa 1982).

In *In re T.D.S.*, 289 N.W.2d 137 (Minn. 1980), a juvenile raised similar statutory and constitutional challenges to the admissibility of hearsay evidence in a waiver hearing. At the hearing, the court allowed two officers to testify to the basic facts of the offenses. One officer had interviewed the victim; the other had interrogated the codefendant. The juvenile contended that the court should have excluded this testimony as hearsay under the Minnesota Rules of Evidence. The State argued that the statutory rules of evidence did not govern the waiver hearing (referred to as a reference hearing in the Minnesota juvenile code). The Minnesota Supreme Court agreed with the State. *Id.* at 141.

In *T.D.S.* the court focused on various provisions of the Minnesota juvenile code. One provision allowed juvenile proceedings to be conducted in an informal manner. Another provided that the juvenile had a right to be heard, to present evidence, and to cross-examine witnesses appearing at the hearing. *Id.* at 139.

In addition the Minnesota Supreme Court considered rules promulgated by the juvenile court to govern proceedings under the juvenile code. One such rule allowed the juvenile court to consider any relevant evidence including hearsay and conclusions "except at trials governed by the Minnesota Rules of Evidence." *Id.* Another rule governed dispositional and waiver hearings. In those instances the rule allowed "all material and relevant" evidence "including hearsay and opinion evidence." *Id.* at 139–40. With respect to adjudicatory proceedings, the rule was different: evidence inadmissible in civil proceedings was inadmissible in adjudicatory proceedings. *Id.* at 140.

Finally, the court considered the American Bar Association Juvenile Justice Standards:

The ABA Juvenile Justice Standards Relating to Transfer Between Courts, § 2.2C (Tent.Draft 1977), also treat reference proceedings as dispositional proceedings with respect to evidentiary questions. The ABA Juvenile Justice Standards Relating to Dispositional Procedures, § 2.5 (Tent.Draft 1977), suggest that evidence should be "relevant and material." The comment indicates that hearsay evidence is not objectionable where there are indicia of trustworthiness and where the evidence was not obtained in violation of the juvenile's constitutional rights.

*Id.*

Concluding that the rules properly allowed hearsay evidence in waiver hearings, the Minnesota Supreme Court explained:

We agree that a [waiver] hearing is properly distinguished from an adjudicatory hearing. For purposes of the hearing the charges are assumed to be true and the only issues for the court are public safety and the juvenile's amenability to treatment. We conclude that the evidence challenged in this case was relevant and material and that it was sufficiently reliable to be admitted on the issue of public safety. The two accounts of the facts and circumstances of the offense as related by the officers were in substantial agreement, and other evidence introduced concerning investigation of the crime tended to corroborate them. Moreover, the reports of the officers were provided to defense counsel prior to the hearing and the codefendant's statements were disclosed at the hearing. Defense counsel was afforded an opportunity for informed cross-examination of the officers and was free to present witnesses rebutting unfavorable testimony. When hearsay is reliable and an opportunity to dispute it is afforded, application of strict exclusionary rules of evidence to reference hearings would impede both the State and the juvenile in fully advising the court of relevant considerations. We therefore hold that the admission of the officers' hearsay testi-

mony was not contrary to applicable statutes and rules.

*Id.*

One court has allowed hearsay testimony in waiver hearings without reference to statutes but simply on the nature of the proceeding itself. *See Matter of Puma County, Juvenile Act No. J.–47735–1,* 26 Ariz.App. 46, 48, 546 P.2d 23, 25 (1976). The court viewed a waiver hearing as having two stages. Stage one deals with whether an offense has been committed and whether probable cause exists to believe the juvenile committed it. An affirmative answer to both questions triggers stage two. Stage two deals with whether the juvenile court should retain jurisdiction or transfer the juvenile to adult criminal court. The court saw an analogy between stage one and a preliminary hearing in adult criminal court. Noting that hearsay evidence is admissible in preliminary hearings, the court could see no justification for more stringent rules of evidence in juvenile court than in adult criminal court. So the court held that hearsay testimony was admissible in a waiver hearing. *Id.*

▮ We similarly conclude that under Iowa law a juvenile has no statutory right to confrontation when reliable hearsay evidence is offered and accepted. We adopt the safeguards suggested by the American Bar Association standards: hearsay evidence is not objectionable when there are indicia of trustworthiness and when the evidence was not obtained in violation of the juvenile's constitutional rights.

We reach our conclusion for two reasons. We think the broad language of section 232.45(5), which makes admissible all relevant and material evidence, leaves no doubt but that the legislature intended such a result.

And, like the Minnesota waiver statute, ours is dispositional rather than adjudicatory. Under our waiver statute, the juvenile court neither determines guilt nor metes out punishment. The determinations the court must make before waiving its jurisdiction over the juvenile include four. First, is the juvenile fourteen years of age or older? Second, is there probable cause to believe the juvenile committed a delin-

quent act which would constitute a public offense? Third, has the State established that there are no reasonable prospects for rehabilitating the juvenile if the juvenile court retains jurisdiction? Last, has the State established that waiver is in the best interest of the juvenile and the community? Iowa Code § 232.45(6).

Here Corsbie's report had all the indicia of trustworthiness. The report was prepared pursuant to section 232.45(4) and has all the information required by that provision. *See* Iowa Code § 232.45(4) (requires juvenile probation officer to conduct investigation, collect information relevant to court's decision on waiver, and prepare a report of same with recommendation about waiver). It is the kind of evidence "on which reasonably prudent persons are accustomed to rely for the conduct of their serious affairs." Iowa Code § 17A.14(1) (test of reliable hearsay evidence that is admissible in administrative proceedings); *McConnell,* 327 N.W.2d at 237 (hearsay evidence found to meet the test in job service case).

In addition, the report was available to the juvenile's attorney for ten days before the hearing. *See* Iowa Code § 232.45(4). So the attorney had ample opportunity to dispute the report's contents by calling other witnesses. Finally, there is no evidence in the record that the report violated any of the juvenile's constitutional rights.

We agree with the State that section 232.45(5) is analogous to the rule that makes reliable hearsay evidence admissible in administrative proceedings. *See* Iowa Code § 17A.14(1). Cross-examination of witnesses *who are available* is afforded. *See* Iowa Code § 17A.14(3). Yet, reliable evidence is admissible "even if it would be inadmissible in a jury trial." *Id.* at § 17A.14(1). The juvenile court, like the administrative law judge, however, is the final arbiter as to what weight, if any, such evidence should receive.

II. *Constitutional Right to Confrontation.*

A. *The sixth amendment.*

The sixth amendment applies specifically to criminal prosecutions. U.S. Const.

amend. VI ("In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him"); *In re L.K.S.,* 451 N.W.2d 819, 822 (Iowa 1990) (right of confrontation not available in child in need of assistance cases). Clearly, then, the right of confrontation does not apply to waiver hearings because such hearings are not criminal prosecutions.

### B. *The fourteenth amendment.*

■ The United States Supreme Court recognizes that "the determination whether to transfer a child from the statutory structure of the juvenile court to the criminal process of the district court is 'critically important.'" *Kent v. United States,* 383 U.S. 541, 560, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84, 97 (1966). Before a juvenile court may enter a valid waiver order, due process requires an investigation, a statement by the juvenile court of its reasons for waiving jurisdiction, an opportunity for a hearing which may be informal, and a right to counsel at the waiver hearing. *Id.* at 561, 86 S.Ct. at 1057, 16 L.Ed.2d at 97. But the Court significantly said in *Kent:*

> We do not mean by this to indicate that the [waiver] hearing to be held must conform with all the requirements of a criminal trial or even of the usual administrative hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment.

*Id.* at 562, 86 S.Ct. at 1057, 16 L.Ed.2d at 97–98; *accord In re Gault,* 387 U.S. 1, 56, 87 S.Ct. 1428, 1459, 18 L.Ed.2d 527, 562 (1967).

In federal administrative proceedings—similar to our administrative procedure act—reliable hearsay evidence may be considered as substantial evidence. *Richardson v. Perales,* 402 U.S. 389, 410, 91 S.Ct. 1420, 1431, 28 L.Ed.2d 842, 857 (1971); *see also* Annot. *Hearsay Evidence in Proceedings Before Federal Administrative Agencies,* 6 A.L.R.Fed. 76 (1971). As the Court noted in *Kent,* waiver hearing standards, for due process purposes, need not measure up to administrative hearing standards. *Kent,* 383 U.S. at 562, 86 S.Ct. at 1057, 16 L.Ed.2d at 97–98. Two safeguards provide the essentials of due process and fair play in these circumstances. We have already concluded that the indicia of trustworthiness must be present before the hearsay evidence is admissible. In addition, the statute requires that the report be made available to the juvenile's counsel before the waiver hearing. Iowa Code § 232.45(4).

■ Other courts have reached a similar conclusion on this issue. *See, e.g., In re Dinson,* 58 Haw. 522, 574 P.2d 119 (1978). In *Dinson,* the court characterized a waiver hearing as "primarily dispositional and essentially of the nature of the ordinary sentencing proceeding, so that the full criminal procedural protections appropriate to an adjudication of guilt do not apply." The court pointed out that in sentencing, the judge may consider out-of-court information about the defendant's life and characteristics without depriving the defendant of "fundamental fairness or of any right of confrontation or cross-examination." *Id.* at 527, 574 P.2d at 123 (quoting *Williams v. Oklahoma,* 358 U.S. 576, 584, 79 S.Ct. 421, 426, 3 L.Ed.2d 516, 522 (1959)).

Still analogizing to the sentencing process, the court in *Dinson* noted that in the case of sentencing, "such a decision may be overturned where it is clearly based on materially untrue or unreliable information." *Id.* (citing *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948)); *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). Minnesota and Texas use the same rationale. *See In re T.D.S.,* 289 N.W.2d at 140–41 (the question in a waiver hearing is whether juvenile can be retained within the juvenile system; because no adjudication of guilt or innocence is made, "the full panoply of trial rights is inapplicable"); *In re R.G.S.,* 575 S.W.2d 113, 117–19 (Tex.Ct. App.1978) (characterizing waiver hearing as dispositional in nature and analogizing it to sentencing process).

For all the reasons we outlined earlier, we think the report here was certainly reli-

able. In addition, the juvenile's counsel had ample opportunity to refute any statements in the report because it was available to him ten days before the waiver hearing.

Moreover, the juvenile's counsel had a right to, and did, cross-examine all the witnesses who testified. One such witness—a social worker who had contact with the juvenile since 1983—testified substantially in accord with what was presented in the report. Corsbie's supervisor was also cross-examined. The supervisor testified about his own opinion concerning the juvenile based on past discussions and experiences. In these circumstances we agree with the State that Corsbie's report was merely cumulative.

Also, as we previously noted, our waiver statute is dispositional and not adjudicatory. Because there is no determination of guilt and no punishment is given, the full panoply of trial rights is inapplicable.

For all these reasons, we fail to see how the admission of Corsbie's report denied the juvenile due process or fundamental fairness.

### III. *Disposition.*

A juvenile has neither a statutory nor a constitutional right of confrontation in a waiver hearing. Nor is due process or fundamental fairness violated when reliable hearsay evidence is admitted in such a hearing. The juvenile court committed no error when it received Corsbie's report in evidence. So we vacate the decision of the court of appeals and affirm the judgment of the district court.

DECISION OF THE COURT OF APPEALS VACATED; JUDGMENT OF THE DISTRICT COURT AFFIRMED.