No. 12371

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

CLIFFORD JEROME LUJAN,

       Petitioner,

 -vs-

THE DISTRICT COURT OF THE FOURTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA,

       Respondent.

---

ORIGINAL PROCEEDING:

Counsel of Record:

 For Petitioner:

   Terry A. Wallace, Missoula, Montana.

 For Respondent:

   Richard P. Heinz, County Attorney, argued, Polson,
   Montana.

---

        Submitted: December 4, 1972

        Decided: JAN 2 4 1973

Filed: JAN 2 4 1973

*Thomas J. Kearney*
          Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an original proceeding seeking a writ of prohibition to prevent further prosecution of second degree assault charges against petitioner in the district court of the fourth judicial district, Lake County. Petitioner, who was 17 years, 11 months old at the time of the alleged assault but reached his 18th birthday prior to the transfer hearing here involved, contests the validity of the proceedings in the juvenile court resulting in the transfer of his case to the district court for adult criminal prosecution.

Petitioner is Clifford Lujan, an Indian trainee at the Kicking Horse Job Corps Center in Lake County at the time of the alleged assault on Benito Ochoa. The alleged assault occurred shortly after midnight on August 10, 1972, at the scenic turnout on Highway #93 about two miles south of Ronan in Lake County. Petitioner and the victim were found there by a Ronan policeman. The victim had been badly beaten and was in an unconscious condition. He was taken to a Ronan hospital by the policeman and petitioner.

Following an investigation by the Lake County sheriff's office, petitioner was arrested and lodged in the Lake County jail in Polson. On August 16, 1972, a petition was filed in the juvenile court charging Lujan with the offense, and on the same day the county attorney filed a motion for leave to file an information in the district court charging Lujan with the crime of second degree assault. Citation was issued and served; and the matter was set for hearing in the juvenile court on August 30. After two continuances, one at the request of counsel for Lujan and one at the request of the county attorney, a preliminary hearing was held in the juvenile court on September 20 pursuant to section 10-603(c), R.C.M. 1947, for the purpose of determining whether Lujan should be prosecuted as an adult in the district court on the second degree assault charge.

Four witnesses were called by the county attorney and cross-examined by counsel for Lujan. Additionally, written statements of Clifford

- 2 -

Lujan and his brother, Arthur, and photographs of the scene of the alleged assault were offered in evidence and considered by the Court. No evidence was offered on behalf of Clifford Lujan. In general, the evidence before the court implicated Clifford Lujan in the beating of Ochoa, and in particular the written statement of Clifford Lujan, admitted in evidence over objection, contains an admission that he hit the victim.

At the conclusion of the hearing, the judge of the juvenile court granted the motion of the county attorney for leave to file an information charging Lujan with second degree assault in the district court. The instant proceeding followed to test the validity of that ruling. An order to show cause was issued, the county attorney filed a return thereto and supporting brief, and oral argument was heard on behalf of both parties.

Petitioner cites three errors in support of his claim that the transfer proceedings were invalid: (1) Petitioner's statement was improperly admitted in evidence, (2) petitioner was denied "due process" in that his counsel was refused an opportunity to make a presentation on behalf of petitioner, and (3) the case was transferred to the adult criminal court without a proper determination that such transfer was in the best interests of the state.

The first alleged error requires no extended discussion. Upon oral argument, counsel for petitioner conceded that sufficient "probable cause" existed without petitioner's statement. The record at the hearing amply demonstrates "probable cause" by independent evidence unrelated to petitioner's statement. Thus the claimed error, if any, in admitting petitioner's statement in evidence is harmless and affects no substantial right of petitioner. Accordingly, it furnishes no basis for rendering the proceeding invalid. Rule 14, M.R.App.Civ.P.

In the second issue for review, petitioner claims he was denied "due process" because his counsel was refused the opportunity to make a presentation on petitioner's behalf. Petitioner contends the judge of the juvenile court treated the transfer hearing strictly as an evidentiary

- 3 -

hearing and denied petitioner's counsel the opportunity to argue the case or to be heard otherwise, thereby infecting the hearing with an arbitrariness condemned as a violation of "due process" and fundamental fairness in Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L ed 2d 84.

Let us examine the facts. At the conclusion of the county attorney's presentation, the court stated: "Now, Mr. Wallace, the court will hear you." Thereupon counsel for petitioner moved to dismiss the county attorney's petition and asked the court to rule on the question of whether probable cause had been established. The court declined to do so in the following language:

> "THE COURT: If I am going to rule there is probable cause that is the end of the discussion, and I am not going to rule on anything until I hear you fully; and if you want to be heard further the court will hear you."

Thereupon the following occurred:

> "Mr. Wallace: What I have to say now will get into the intent of the juvenile court act as promulgated.
>
> "THE COURT: I am not interested or concerned with that, Mr. Wallace. As far as I know, any jurisdiction or discretion in that matter, the law is there and the court is required to follow it as well as it can. You are in the appellant court, as long as you preserve, as you have here from time to time, the points you want to raise of that nature. You have done all you have had to do, all you are required to do, so far as I know, in defense of this man at this point."

Further colloquy occurred between petitioner's counsel and the court from which it is apparent that petitioner's counsel sought to argue his interpretation of the intent and purpose of the Juvenile Court Act, the required findings of the court in transfer proceedings, and related legal arguments. The court refused to permit this argument.

At the time the court granted leave to the county attorney to file an information in the district court charging petitioner with second degree assault, the court made the following findings:

> "The court finds specifically that probable cause for bringing this defendant to trial does exist, and that the probable cause is of such nature that failure to

- 4 -

bring this defendant to trial on the charge of second degree assault would fail to preserve the best and necessary interest of the people of the State of Montana as recited in their criminal laws and in the juvenile code both."

We are aware of no "due process" and fundamental fairness requirement in <u>Kent</u>, in the United States or Montana Constitutions, or in Montana statutes that requires the juvenile court to permit oral legal argument in support of counsel's objections. Here there was no denial of the right of counsel to state his objections for the record to the extent necessary for a meaningful appellate review. There was no denial of an opportunity to present evidence in opposition to transferring the case from juvenile court to adult criminal court for prosecution pursuant to section 10-603(c), R.C.M. 1947. In the instant case, there was simply a refusal by the judge of the juvenile court to permit extended oral argument by petitioner's counsel on legal questions concerning the philosophy, intent, and purpose of the Juvenile Court Act, the legal requirements relating to juvenile court transfer proceedings, and similar matters. Permitting oral argument on such matters is necessarily discretionary with the court, and we find no abuse of that discretion.

Proceeding to the final issue for review, petitioner contends that the jurisdiction of the juvenile court was waived and the case transferred to adult criminal court for prosecution without a proper determination that such waiver and transfer was in the best interests of the state. Petitioner argues that the juvenile court determined that waiver and transfer was in the best interests of the state solely because there was probable cause to believe petitioner had committed a felony. Petitioner claims the waiver and transfer here was in violation of section 10-603(c), R.C.M. 1947, and unconstitutional under the <u>Kent</u> decision.

The relevant provisions of section 10-603(c), R.C.M. 1947 state:

"(c) when the juvenile court has jurisdiction of any child sixteen (16) years of age, or over, who is accused of committing * * * assault in the first or second degree * * * then the county attorney may

- 5 -

request the juvenile court to be permitted to file
an information against the juvenile in district court.
* * *

"Before making such an order the juvenile judge must
hear the matter by an informal preliminary hearing to
determine first, if there is probable cause to believe
the juvenile has committed the felony, and second, to
determine whether under the circumstances it appears
necessary for the best interest of the state that the
juvenile be held to answer the information in district
court."

In the instant case, it is conceded that the hearing established

probable cause to believe the juvenile had committed a felony, viz: the

crime of second degree assault on Benito Ochoa. Petitioner contends,

however, that the second requirement of the statute, properly construed,

requires a finding that the juvenile court apparatus cannot effectively

deal with the particular juvenile involved, which was not made in the in-

stant case. Petitioner points out that the above statute was amended in

1969 to make transfer of second degree assault proceedings to the adult

criminal court optional rather than mandatory, and that the express legis-

lative purpose of the present Juvenile Court Act is as stated in section

10-601, R.C.M. 1947:

" * * * as far as practicable, any delinquent child shall
be treated, not as a criminal, but as misdirected and
misguided, and needing aid, encouragement, help and
assistance".

We decline to so construe the statute. The language of section

10-603(d), R.C.M. 1947, requires the juvenile court "to determine whether

under the circumstances it appears necessary for the best interest of the

state" that the juvenile be prosecuted in adult criminal court. Not in

the abstract, but under the circumstances of the individual case being

considered. Not exclusively for the immediate benefit of the juvenile,

but what is in the best interest of the state, i.e. the people of the state

as a whole, including Lujan.

What are the circumstances in the instant case? A juvenile by less

than one month at the time of commission of the alleged offense, who became

an adult in the eyes of the criminal law before the transfer hearing was

- 6 -

held.  An accusation of a brutal, aggravated, senseless felony without semblance of provocation.  A victim still hospitalized.  An accused far removed from the influences of family, home, and normal adult supervision.  An alien environment ill suited to rehabilitation.

What is the best interest of the state in the instant case?  Is the juvenile court apparatus equipped to deal with an individual such as Lujan?  Or is the criminal court process and machinery preferable?  What about considerations not directly related to his own immediate self-interest such as deterrence, the safety and protection of the public, and justice in its broadest sense?

These are some of the difficult questions the judge of the juvenile court must answer in arriving at his determination.  In the instant case, we cannot say the facts indicate an abuse of discretion on the judge's part in determining pursuant to the statute that the jurisdiction of the juvenile court should be waived in favor of adult criminal court proceedings.

Additionally, and perhaps most important, counsel for Lujan contends the constitutional requirements in Kent were violated in the instant case, rendering invalid the transfer of his case to the adult criminal court.  Counsel for Lujan argues the constitutional requirements of due process, assistance of counsel, and fundamental fairness required by Kent were not observed in that counsel was refused an opportunity to make a presentation on Lujan's behalf; that the waiver and transfer were made solely upon the finding of probable cause; that the transfer order contained no reasons therefor; and because the judge did not apply the criteria set forth in Kent in ordering the transfer.

The record does not bear out Lujan's claim that his counsel was denied the opportunity to make a presentation in his behalf for the reasons heretofore stated.  Nor was the judge required to apply the considerations set forth in the policy statement of the District of Columbia Juvenile Court, quoted in the appendix to that decision.  That policy statement at most is no more than a rule of that court concerning the standards that particular court would apply in determining waiver and transfer under the District of

- 7 -

Columbia's Juvenile Court Act. A Montana juvenile court is in no way bound to apply the same standards under the Montana Juvenile Court Act.

The real thrust of petitioner's argument is that constitutional due process and fundamental fairness were denied in the instant case by failure of the court to give any reasons for its transfer order, thereby precluding a meaningful appellate review of its exercise of discretion in ordering transfer of the case to adult criminal court. Corollary to this argument is petitioner's contention that the transfer order was based solely on a finding of probable cause without consideration of whether the best interest of the state required such transfer.

Kent clearly requires a statement of reasons for a waiver and transfer order under constitutional "due process" and "assistance of counsel" requirements. The purpose of this is to insure careful consideration and the exercise of discretion by the juvenile court in determining whether waiver and transfer should be ordered, together with a meaningful review by the appellate court of any abuse of discretion by the juvenile court.

We do not construe the provisions of the Montana Juvenile Court Act as requiring conventional findings of fact or an express, formal statement of the reasons for ordering the waiver and transfer. If the reasons motivating the exercise of the juvenile court's discretion in ordering the waiver and transfer sufficiently appear in the record of the hearing to permit meaningful appellate review of the discretion exercised, constitutional requirements are satisfied.

Here, the juvenile court made an express finding of the existence of probable cause and an express finding "that the probable cause is of such nature that failure to bring this defendant to trial on the charge of second degree assault would fail to preserve the best and necessary interest of the people of the State of Montana as recited in their criminal laws and in the juvenile code both." During the course of the hearing the judge of the juvenile court specifically pointed out to counsel for petitioner the nature of the alleged crime and the admissions of the defendant, together

with corroborating evidence. The judge specifically inquired concerning the gravity of the victim's injuries and the prospects of the victim's survival. The judge clearly indicated that under the circumstances of this particular case he considered the nature and enormity of the crime of which Lujan was accused, and of which the judge found probable cause to exist, outweighed any other considerations. The judge specifically stated after reviewing the admissions in the evidence at Lujan's transfer hearing:

> "There is clearly and obviously, on any experience I have--whatever it has been my privilege or misfortune to have over the years--probable cause. If there is probable cause there clearly is an involvement of the best interest of the State that the accused be treated for these purposes as an adult and not as a juvenile."

We hold that the record indicates the reasons for the waiver and transfer with sufficient specificity to satisfy constitutional and statutory requirements. We further hold that in the exercise of his discretion in juvenile transfer proceedings under the present Montana Juvenile Court Act, the judge of the juvenile court is entitled to consider the nature and enormity of the alleged crime, the serious personal injuries inflicted on the victim, and the absence of provocation as the controlling determinants in ordering waiver and transfer to adult criminal court for prosecution.

The order to show cause heretofore issued is vacated and the petition dismissed.

_____
Associate Justice

We concur:

_____
Chief Justice

_____

_____

_____
Associate Justices

- 9 -