Nashua District Court
No. 6373

STATE OF NEW HAMPSHIRE

v.

ANN SCOVILLE

April 30, 1973

*Warren B. Rudman,* attorney general, and *David W. Hess,* assistant attorney general *(Mr. Hess* orally), for the State of New Hampshire.

*Winer, Lynch, Pillsbury and Howorth* and *Thomas M. Haughey (Mr. Haughey* orally) for the defendant.

GRIFFITH, J. The defendant was charged with knowingly being in the company of persons in illegal possession of a controlled drug on January 15, 1972, in violation of RSA 318-B:26 II (b) (Supp. 1972). On the date of the alleged offense defendant was seventeen years old. At a hearing in the Nashua District Court on January 17, 1973, the defendant moved that her case be heard as a juvenile proceeding under the provisions of the Neglected and Delinquent Children statute. RSA ch. 169. The motion was denied by *Gormley,* J. who reserved and transferred all questions of law raised by the denial.

RSA ch. 169 authorizes the exercise of the powers of the State as "parens patriae" over limited classes of minors termed "delinquent children" in the statute. A "delinquent child" is defined as (a) a child under the age of seventeen "who violates any law of the state or any city or town ordinance or who so deports himself as to injure or endanger the health or morals of himself or others"; or (b) a child under the age of eighteen "who is wayward, disobedient or uncontrolled by his parent, guardian or custodian." RSA 169:1, 2 II (Supp. 1972). The district court correctly ruled that as a matter of law under the provisions of this statute defendant could not be adjudicated a "delinquent child" because she was charged with violation of a criminal statute and had reached the age of seventeen at the time of the alleged offense.

Prior to 1965, chapter 169 applied uniformly to neglected and delinquent children under the age of eighteen years.

In 1965, the statute was revised to apply to neglected children under the age of eighteen and delinquent children under the age of seventeen. Laws 1965, 256:1, 2. The statute was amended to its present form in 1969 when the definition of "delinquent child" was changed and the chapter was again made applicable to "wayward, disobedient or uncontrolled" children under the age of eighteen while retaining the age limit of under seventeen for children who have violated state or local laws. Laws 1969, 348:1-3. This last amendment has the effect of extending the power to classify as "delinquent" "wayward, disobedient or uncontrolled" seventeen-year-old children who otherwise could not be proceeded against as either juveniles or adults. The State does not allege that defendant is "wayward, disobedient, or uncontrolled by his parent or custodian" and since 1965, all children of her age have been subject to treatment as adults for violations of the law.

Defendant contends in this court that by establishing these jurisdictional criteria RSA ch. 169 denies her equal protection of the laws under the fourteenth amendment to the United States Constitution because "there is no reasonable basis for denying the protection of the act to appellant while extending such protection of the act to persons seventeen years of age who are not charged with violating a law." A major legislative program, such as that providing specialized treatment and protection for delinquent and neglected children, requires a multitude of policy decisions which are expressed as statutory classifications. *Petition of Morin,* 95 N.H. 518, 68 A.2d 668 (1949). The equal protection guarantee requires that such classifications "have some relevance to the purpose for which such classifications are made." *Baxstrom v. Herold,* 383 U.S. 107, 111, 15 L. Ed. 2d 620, 624, 86 S. Ct. 760, 763 (1965); *Allen v. Manchester,* 99 N.H. 388, 111 A.2d 817 (1955). The classification under review "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *F.S. Royster Guano Co. v. Virginia,* 253 U.S. 412, 415, 64 L. Ed. 989, 990, 40 S. Ct. 560, 566 (1920), quoted with approval in *Reed v. Reed,* 404 U.S. 71, 76, 30 L. Ed. 2d 225, 229, 92 S. Ct. 251, 254 (1971).

Our statute excludes from juvenile proceedings and treatment law offenders who have reached the age of seventeen or over because the adult criminal sanction is considered a better remedy for unlawful behavior engaged in by such persons. N.H.S. Jour. 366-68 (1965); *see* Paulsen, *The Delinquency, Neglect and Dependency Jurisdiction of the Juvenile Court,* in Justice for the Child 44, 62 (M. Rosenheim ed. 1962); *United States v. Bland,* 472 F.2d 1329 (D.C. Cir. 1972). The legislative choice to achieve its rehabilitative and protective purposes by reference to the age of a minor and the character of his or her behavior is certainly rational and consistent with constitutional principles. *Petition of Morin supra; State v. Ayers,* 260 A.2d 162, 170 (Del. 1969); *Jacobsen v. Lenhart,* 30 Ill. 2d 225, 227, 195 N.E.2d 638, 639 (1964). For this reason we conclude that the ruling of the district court does not deprive defendant of her right to equal protection of the laws under the United States Constitution.

Defendant also claims that the statutes which exclude her from juvenile proceedings are impermissibly vague and thereby deprive her of liberty without due process of law. This claim is without merit because the standard of definiteness imposed by the fourteenth amendment relates to statutes which exact the obedience of citizens to a rule or standard of conduct. *Boutilier v. Immigration Serv.,* 387 U.S. 118, 123, 18 L. Ed. 2d 661, 665, 87 S. Ct. 1563, 1566 (1967). For example, the test for vagueness is always applicable to statutes which create and define criminal offenses. *See State v. Albers,* 113 N.H. 132, 303 A.2d 197 (1973). In this case RSA 169:1 and 2 (Supp. 1972) are applied only to direct the procedural and dispositional consequences which will attach to a violation of a rule of conduct specified in a substantive criminal statute. RSA 318-B:26 II (b) (Supp. 1972). Since RSA 169:1 and 2 (Supp. 1972) are not applied in this case so as to require the defendant to do or refrain from doing any act, those provisions may not be attacked for unconstitutional vagueness.

*Exceptions overruled; remanded.*

All concurred.