**In the Matter of R. M., a child under the age of eighteen years.**

No. J-76-775.

Court of Criminal Appeals of Oklahoma.

March 14, 1977.

John R. Sprowls, Pauls Valley, for appellant.

Robert T. Rennie, Dist. Atty., Garvin County, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, R. M., a juvenile under the age of eighteen years, appeals from an order of the Garvin County District Court, Juvenile Division, certifying him to stand trial as an adult for criminal prosecution for the alleged offense of Rape in the First Degree.

In this appeal, the appellant does not challenge the finding of the court that there is prosecutive merit to the complaint, i. e., that a crime of rape was committed and there is probable cause to believe that appellant committed it. Therefore, we will not discuss the facts of the case.

In his first assignment of error, appellant argues that the trial court erred in denying his motion for continuance to allow him time to be examined by his own medical experts, and erred in not making a copy of a medical evaluation report of the juvenile available to him.

The alleged rape occurred on August 4, 1976. A juvenile petition was filed on August 5, and a hearing was held on August 19, 1976. At the conclusion of said hearing it was continued while the appellant was taken to Central State Griffin Memorial Hospital in Norman for psychological evaluation. He remained there for 17 days and was returned to the custody of his mother on September 7. On September 8, the appellant's counsel said he learned from the District Attorney's Office that the matter was set for further hearing on September 10. At that time, appellant requested a continuance, which was overruled. At that continued hearing the State introduced a letter of evaluation of the appellant from Central State Hospital in Norman. Counsel for appellant argues that he did not have access to said report until minutes before the hearing began. There is nothing in the record to state otherwise, and the District Attorney failed to file a brief in this appeal, even after he was so directed by this Court.

In *J. T. P. v. State*, Okl.Cr., 544 P.2d 1270, 1276 (1976), this Court said the essentials of

due process and fair play required in *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), include "representation by counsel who has been given access to *all records or reports which the court may consider*, . . ." (Emphasis added)

As this report was one of the factors cited in the court's decision to certify, we hold that failure to allow defendant sufficient time to study the report prevented him from preparing an adequate defense, and so we must remand this case for further hearing.

■ We further find that inadequate notice was given the defendant for the continuation of his certification hearing. *In Re Gault*, 387 U.S. 1, 33, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527 (1967), the Supreme Court said:

". . . Notice, to comply with due process requirements, must be given sufficiently in advance of *scheduled court proceedings* so that reasonable opportunity to prepare will be afforded, . . . Due process of law requires notice of the sort we have described—that is, notice which would be deemed constitutionally adequate in a civil or criminal proceeding. . . ." (Emphasis added)

Since we must reverse and remand this case for further proceedings it is unnecessary to discuss appellant's second contention, or assignment of error, that the evidence was insufficient to support the finding of the trial court.

However, as this appeal presents a new facet of certification not previously dealt with by this Court, i. e., there was no direct testimony of the juvenile's amenability or nonamenability to rehabilitation, we deem it necessary to clarify and clearly delineate the guidelines to be followed under such circumstances.

The prospect of rehabilitation is one of eight guidelines in 10 O.S.1971, § 1112(b), that juvenile courts are to use in determining whether to retain jurisdiction. In *J. T. P.*, supra, this Court interpreted section 1112(b) to require two ultimate findings: that prosecutive merit exists, and that the

juvenile is not a fit subject for rehabilitation.

■ We also stated that there is no presumption built into the Juvenile Act that a child who has committed a very serious offense is not receptive to rehabilitative treatment. This language in *J. T. P.* has been largely misunderstood by the courts. While the statement still holds true, the opposite also is true, i. e., that it should not be presumed that a juvenile who has committed a serious offense is necessarily receptive to rehabilitative treatment. The gravity of the particular offense should remain just one of the eight guidelines to be considered by the juvenile court as it views the totality of the facts and circumstances. It should not persuade the juvenile court to start with a presumption in either direction.

■ We went further in *J. T. P.* to say that although the decision that a child is not a fit subject for rehabilitation is within the discretion of the juvenile court, that discretion must be supported by substantial evidence in the record against the child's claim to the benefits of juvenile treatment. This merely places upon the State the burden of establishing nonamenability by substantial evidence.

■ As we have noted, there was no direct expert testimony in the record which tended, to any appreciable extent, to establish amenability to rehabilitation of the juvenile. See, *Calhoon v. State*, Okl.Cr., 548 P.2d 1037 (1976). In such a situation we hold that the substantial evidence requirement may be established by use of circumstantial evidence, taking into consideration the gravity of the offense and its surrounding facts and circumstances, the age of the juvenile, his mental capacity and ability to know right from wrong, and to realize the seriousness of his actions, his conduct and demeanor, his cooperation or lack of same, and his previous contacts with law enforcement agencies and juvenile authorities, and all other factors material to such a determination.

■ But to sustain such a holding based on circumstantial evidence, the court should recite in detail and explain why, from the

totality of the facts and attendant circumstances, he can reasonably infer a conclusion of nonamenability, should he choose to certify; such order should also cite the particular statutory guidelines forming the basis for the court's order of certification.

As we said in *J. T. P.*, supra, it is not necessary that the court's consideration be arithmetically proportioned among the eight guidelines, or that each of the statutory factors be clearly decided against the claim of the child.

In considering the testimony of experts on the question of rehabilitation, courts are reminded of our statement in *Calhoon v. State*, supra, at 1042, wherein we stated:

"The Juvenile Judge, in reaching the ultimate findings in the case, was not required to give exclusive, controlling effect to the testimony of the experts, or either of them, but was required to weigh the same along with all other evidence in the case. *Stidham v. State*, Okl.Cr., 507 P.2d 1312 (1973)."

For all of the above reasons, we *REVERSE* the certification of the Juvenile Court and *REMAND* the case for further proceedings consistent with this opinion.

BLISS and BRETT, JJ., concur.