In the Interest of JOHN DOE, born on June 11, 1961, Juvenile-Appellant

NO. 7637

OCTOBER 27, 1980

HAYASHI, C.J., PADGETT, J., AND
CIRCUIT JUDGE SHINTAKU IN PLACE OF
ASSOCIATE JUDGE BURNS, DISQUALIFIED

OPINION OF THE COURT BY HAYASHI, C.J.

This is an appeal from the order of the family court filed August 6, 1979 waiving its jurisdiction over the appellant and transferring him to the circuit court for trial as an adult.

The only issue raised on appeal is whether the trial court abused its discretion in granting the petition for waiver of its jurisdiction. Finding no abuse, we affirm the judgment of the trial court.

On June 13, 1979, two days after his eighteenth birthday, appellant was charged in the family court with murder. He

was eight days short of being eighteen at the time of the alleged offense. A petition for waiver of family court jurisdiction was filed. Pursuant to statute (HRS § 571-22(a) )[1] and Family Court Rule 128,[2] the judge of the family court appointed a diagnostic team to examine the appellant and submit its findings and recommendations to the court. A hearing on the petition was held on July 13, 1979 before the Honorable James S. Burns. Present with the appellant were his attorney, parents and uncle. Testimony was offered by the members of the diagnostic team and appellant's uncle. The panel included William R. Perry, Ph.D., a psychologist; Mr. David I. Twigg, Family Court, Children and Youth Services Branch; Mr. Shinobu Sato, Hawaii Youth Correctional Facility; and Mrs. Carolene Neely, Adult Probation Division. All the members of the team, with the exception of Dr. Perry, recommended that the family court waive its jurisdiction over the appellant and transfer the cause to the circuit court, citing various factors including the appellant's age at the time of the hearing (he was then 18) and the serious nature of the offense charged against him. The order waiving family court jurisdiction was entered by Judge Burns on August 6, 1979. Appeal is taken from that order.

---

[1] HRS § 571-22 *Waiver of jurisdiction; transfer to other courts*. (a) The court may waive jurisdiction and order a minor or adult held for criminal proceedings after the full investigation and hearing where the person during his minority, but on or after his sixteenth birthday, is alleged to have committed an act which would constitute a felony if committed by an adult, and the court finds there is no evidence the person is committable to an institution for the mentally defective or retarded or the mentally ill, is not treatable in any available institution or facility within the State designed for the care and treatment of children, or that the safety of the community requires that the person continue under judicial restraint for a period extending beyond his minority.

[2] Rule 128. *INITIATION OF PROCEEDING*. Whenever transfer proceedings under Hawaii Revised Statutes section 571-22 are contemplated, whether by motion filed with the court or upon suggestion by a family court officer or other agency, a judge of the family court may issue an order of examination appointing a diagnostic team to investigate the matter and make a recommendation as to whether or not the statutory criteria of Hawaii Revised Statutes section 571-22(a) are met, and whether or not the persons should be waived for criminal proceedings. If no such team is appointed, such investigation may be made by the court's staff.

The record indicates that the alleged crime occurred as follows: The decedent and his sister drove into the parking lot of a drive-in restaurant. The decedent's sister recognized one Casipe, age 26, emerging from the restaurant as the same individual who had previously "harassed" their mother. She pointed him out to her brother. The decedent approached Casipe and punched him in the face. The decedent and his sister then proceeded into the restaurant. Thereafter, Casipe ran to the parking lot to seek help. Casipe returned with appellant, who was seventeen years of age at the time, and one Doria, age 35. They approached the restaurant and yelled at decedent to come out and fight. He told them to come in and fight. Casipe, Doria and appellant then entered the restaurant and attacked the decedent who was stabbed by Casipe once on the left side of the chest and once in the head and subsequently expired.

Appellant argues that the trial court abused its discretion because its decision to waive jurisdiction was made solely on the basis of the age of the appellant and the seriousness of the offense charged. He suggests that jurisdiction should have been retained because the social records and testimony indicated that appellant had a supportive family and good school records and had not been in trouble before.

Appellant cites *In Re Doe Born August 16, 1959*, 61 Haw. 364, 604 P.2d 276 (1979), in support of his argument that the family court's misplaced emphasis on these two factors warrants a reversal of the decision. In *In Re Doe Born August 16, 1959, supra,* our supreme court reversed the family court's order of waiver finding an abuse of the trial court's discretion because it placed total emphasis on the appellant's age and the alleged offense. However, there are several distinguishable features between *In Re Doe Born August 16, 1959, supra,* and the present case that merit our consideration. In *In Re Doe Born August 16, 1959, supra,* the court had before it an almost eighteen year old who had allegedly committed an offense involving no personal injury, a first offense by a juvenile with an exemplary social file, a diagnostic team's unanimous recommendation against waiver, and a trial court judge who was decidedly predisposed to dismiss considera-

tion of any factors other than the nature of the crime as evidenced by his statement:

> One side we got the so-called welfare of the individual involved, but I think it would be good to have such an individual treated as an adult. They displayed conduct that criminal adults display, armed robbery. . . . And I feel this way, as far as the youthful offenders are concerned, when they commit a serious crime or charged [sic] with a serious crime, they should be treated as adults . . . so, as far as this court is concerned, I am granting the petition for waiver of jurisdiction. . . . As far as I'm concerned, when they want to commit adult crimes, they're going to be treated as adults.

*Doe,* 604 P.2d at p. 278.

On the basis of this kind of record, the supreme court properly found an abuse of the trial court's discretion. In this case we have an almost eighteen year old who allegedly committed a very serious offense involving death, a first offender, a good family, a poor school record, a diagnostic team's 3 to 1 recommendation for waiver, and a trial judge who considered all the various factors.

The law is clear that, absent a clear showing of manifest abuse of its discretion, a family court judge's determination that waiver is proper is not reversible upon allegations attacking the relative weight given the factors comprising the decision to waive. Precise standards as to the factors to be considered, as well as the weight to be attributed to them in a waiver determination, are not constitutionally or otherwise required to be set out in the waiver. *State v. Stanley,* 60 Haw. 527, 535, 592 P.2d 422 (1979). Nor is the court precluded from considering the possibility, given the nature of the offense charged, that treatment would extend beyond the appellant's minority. *In Re John Doe Born November 12, 1958,* 61 Haw. 48, 594 P.2d 1084 (1979). On review, the question is not whether we agree with the court order below but rather whether we believe that the judicial mind, in view of the relevant rules of law, and upon due consideration of the facts of the case, could reasonably have reached the conclusion of which complaint is

made. *State v. Tominaga*, 45 Haw. 604, 614, 372 P.2d 356, 362 (1962).

Additionally, the U.S. Supreme Court in *Kent v. U.S.*, 383 U.S. 541, 86 S.Ct. 1045 (1966), stated guidelines with respect to the various factors to be considered by the family court judge.

The court in *Kent* said:

The determinative factors which will be considered by the judge in deciding whether the Juvenile Court's jurisdiction over such offenses will be waived are the following:

(1) The seriousness of the alleged offense to the community and whether the protection of the community requires waiver.

(2) Whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner.

(3) Whether the alleged offense was against persons or against property, greater weight being given to offenses against persons especially if personal injury resulted.

(4) The prospective merit of the complaint, i.e., whether there is evidence upon which a Grand Jury may be expected to return an indictment (to be determined by consultation with the United States Attorney).

(5) The desirability of trial and disposition of the entire offense in one court when the juvenile's associates in the alleged offense are adults who will be charged with a crime. . . .

(6) The sophistication and maturity of the juvenile as determined by consideration of his home, environmental situation, emotional attitude and pattern of living.

(7) The record and previous history of the juvenile, including previous contacts with the Youth Aid Division, other law enforcement agencies, juvenile courts and other jurisdictions, prior periods of probation to this Court, or prior commitments to juvenile institutions.

(8) The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the juvenile (if he is found to have committed the alleged offense) by the use of procedures, services and facilities currently available to the Juvenile Court.

*Kent* at 566-67.

Hawaii courts have consistently adhered to the guidelines set forth in *Kent*. *In The Interest of John Doe Born January 19, 1961,* 1 Haw. App. 243, 617 P.2d 830 (1980); *In The Interests of John Doe Born September 24, 1958,* 61 Haw. 561, 606 P.2d 1326 (1980); *In The Interest of John Doe Born October 30, 1959,* 61 Haw. 167, 598 P.2d 176 (1979); *In The Interest of John Doe Born November 12, 1958,* 61 Haw. 48, 594 P.2d 1084 (1979); *State v. Stanley,* 60 Haw. 527, 592 P.2d 422 (1979).

Appellant argues that the family court should have retained jurisdiction solely on the basis of the appellant's social file. He suggests that greater weight should have been given to the court's consideration of the social factors and urges reversal to rectify the court's alleged oversight. We do not find it necessary, nor is it required of us to determine or question the weight attributed to the various factors by the family court in its decision to waive. The issue is whether the court considered all factors. If it did then a reversal is not in order unless there is a clear showing that its discretion was abused, *State v. Smith,* 59 Haw. 456, 465-466, 583 P.2d 337, 343-344 (1978), or unless the decision is not supported by substantial evidence. *State v. Stanley, supra; In The Interest of John Doe Born August 16, 1959, supra.*

Other jurisdictions facing similar questions on review of waiver decision are in accord. The Illinois waiver statute generally follows the criteria set out in *Kent, supra.* In *People v. Taylor,* 76 Ill.2d 289, 391 N.E.2d 366 (1979), the Illinois Supreme Court said:

We believe it is not constitutionally required and would not be feasible for the statute to prescribe a mathematical formula to govern the judge's discretion.

*People v. Taylor* at 373.

Oklahoma has a similar provision and in its review of a waiver decision found:

> . . . it is not necessary that the court arithmetically proportioned its consideration among the five factors or that each be clearly decided against the juvenile [citations omitted].

*C.S.M. Jr. v. State of Oklahoma*, NOJ-79-268, 599 P.2d 426, 431 (1979).

The Oklahoma court, finding no error in the trial court's consideration of the juvenile's age, noted that:

> . . . the issue before the court is not merely whether the juvenile can be rehabilitated, but whether he can be rehabilitated within the juvenile system.

*C.S.M. Jr.* at 431.

There is no evidence in the record before us that would support a conclusion that the family court judge abused his discretion and failed to consider all factors or that he placed undue emphasis on one or more factors. Testimony given by Mrs. Neely, a member of the diagnostic team, clearly indicates that factors other than those alleged as erroneous by the appellant entered into its recommendation for waiver. On cross-examination she was asked:

Q. Mrs. Neely, would it be fair to say that the nature of the crime alleged itself which is murder, was a major consideration in your recommendation?

A. It was a major, but not the only factor.

Q. I see. And the other factor was that, according to responses at an interview of Pacito, he acknowledged that he knew Casipe generally carries a knife.

A. That, and in addition to that I think what we had talked about was that as a result of the allegations and if it is found to be true as a result of his involvement. But in any event, as it relates to the crime because of what he's going through. For example, just the mere fact that he had to spend time in detention and in jail.

There will be certain, I think, expectations of him within the community or certain conceptions about him, some good and obviously, I think, some will be bad. And I would like to see him get help to cope with these kinds of

pressures. And I think without it there may be some likelihood that he will be involved in illegal activities.

From the record before us, it is clear that family court jurisdiction over the appellant was properly waived pursuant to statutory and constitutional guidelines. The record before us is sufficiently documented to permit meaningful review. Finding substantial evidence and no abuse of its discretion, the order of the family court is affirmed.

*Ann Randolph*, Deputy Public Defender, for juvenile-appellant.

*Robert S. N. Young*, Deputy Prosecuting Attorney, for the State of Hawaii.